Opinion issued March 9, 2009
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00065-CV
____________

LEXTER KENNON KOSSIE, Appellant

V.

KENNETH WAYNE SMITH, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2007-71232



 
MEMORANDUM OPINION

          On January 28, 2008, appellant in the above-referenced cause, Lester Kennon
Kossie, filed a notice of appeal from the trial court’s interlocutory order of January
7, 2008, which sustained a contest to Kossie’s affidavit of inability to pay trial-court
filing fees and costs. The trial court’s January 7, 2008 order required Kossie to pay
trial-court filing fees in the amount of $270, plus certain costs, by February 7, 2008,
advising that the case would be dismissed without prejudice if appellant failed to pay
said fees and costs by that date.


 
          The general rule, with a few mostly statutory exceptions, is that an appeal may
be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. 
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001). The January
7, 2008 interlocutory order from which appellant has appealed is not an order that is
made appealable by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(Vernon 2008). We thus lack subject-matter jurisdiction over the interlocutory
indigency order that Kossie has appealed. See Kilsby v. Mid Century Ins. Co. of Tex.,
No. 14-07-00981-CV, 2008 WL 889428, at *1 (Tex. App.—Houston [14th Dist.] Apr.
3, 2008, no pet.) (memo. op.) (dismissing appeal of interlocutory order sustaining
challenge to affidavit of inability to pay costs); see also In re K.J.M., No.
02-08-038-CV, 2008 WL 703960, at *1 (Tex. App.—Fort Worth Mar. 13, 2008, no
pet.) (memo. op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit and denying appointment of counsel to represent appellant in
habeas challenge to order of contempt in child-support-enforcement action).
          On May 29, 2008, the Court notified Kossie that, unless he demonstrated,
within 30 days, that we had subject-matter jurisdiction over his appeal, the appeal
would be dismissed. See Tex. R. App. P. 42.3(a). More than 30 days have passed,
and Kossie has not explained why subject-matter jurisdiction exists. Because we lack
subject-matter jurisdiction over this appeal, we must dismiss it.
          Accordingly, we dismiss the appeal for lack of subject-matter jurisdiction. 
Any pending motions are overruled as moot.
 PER CURIAM
Panel consists of Justices Taft, Bland, and Sharp.